Elizabeth A. Skane, Esq. (Bar No. 7181)
eskane@skanemills.com
Sarai L. Brown, Esq.  (Bar No. 11067)
sbrown@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
T: (702) 363-2535 / F: (702) 363-2534

Attorneys for Plaintiff, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                                 Plaintiff,<br><br>        v.<br>CHRISTINE WINTERS AND MARYNELL LUND a/k/a MARYNELL TAPP<br><br>                                 Defendants. | Civil Action No.: 2:25-cv-02050-JAD-DJA<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br><br>ECF No. 14 |

The above-entitled cause having come before the Court upon the Motion of Plaintiff, The Prudential Insurance Company of America ("Prudential"), for an Order: (1) entering default judgment against Defendant Christine Winters ("Winters"); (2) directing Prudential to deposit certain life insurance proceeds in the amount of $635,000 ("Death Benefit") plus applicable claim interest, if any, due as a consequence of the death of Laren Durfey (the "Insured"), under a group life insurance policy issued by Prudential to Nevada Gold Mines, LLC bearing Group Policy No. G-59893 (the "Group Policy") into the Court's registry or directing Prudential to pay Marynell Lund a/k/a Marynell Tapp ("Lund"); (3) granting Interpleader Relief to Prudential, including discharging Prudential from any and all liability with regard to the Death Benefit and Group Policy; (4) permanently enjoining Defendants from bringing any action arising out of or

1

in connection with Prudential relating to the Group Policy and/or the Death Benefit; and (5) dismissing Prudential from this action with prejudice; and the Court having considered the application:

With good cause appearing and no reason to delay, **IT IS ORDERED THAT:**

(1)     Prudential's Motion for Default Judgment, for Deposit and Interpleader Relief **[ECF No. 14] is GRANTED**;

(2)     **The Clerk of Court is directed to ENTER Default Judgment under Fed. R. Civ. P. 55(b) against Defendant, Christine Winters and TERMINATE Winters as a party to this action;**

(3)     Within twenty-one (21) days of entry of this Order, Prudential must deposit with the Clerk of this Court the Death Benefit of $635,000, together with accrued claim interest, if any;

(4)     The Clerk shall promply deposit the Death Benefit as herein set forth into the Registry of this Court, and the Clerk shall deposit these funds into an interest-bearing account.

(5)     The Death Benefit so invested in the interest-bearing account shall remain on deposit until further order of this Court.

(6)     The Clerk may deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office at or equal to ten percent (10%) of the income earned for deduction in the investment so held and without further order of the Court.

(7)     Upon deposit of the sum stated in paragraph 3 above, Prudential shall be discharged from any and all liability to Defendants in connection with the Death Benefit and/or Group Policy;

(8)    Defendants are hereby permanently enjoined from bringing any action or  proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential relating to the Death Benefit and the Group Policy;

(9)    Defendants hereby release, remise, and forever disclaim all claims, rights,  interests and actions that such Defendants might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, administrators, designees, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Death Benefit and the Group Policy;

(10)    In her joinder to this motion, remaining Defendant Marynell Tapp asked this court to enter an order directing Prudential Insurance Company of America to pay this death benefit out to her.  However, a joinder in the insurer's motion was an improper vehicle for making that independent request for relief on her part.  **Remaining Defendant Marynell Tapp has 30 days to file any appropriate motion to complete this case**; and

(11)    **The Clerk of Court is directed to TERMINATE Interpleader Plaintiff Prudential Insurance Company as a party to this case.**

_____

UNITED STATES DISTRICT JUDGE
April 1, 2026